**CORRECTED**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-0946V
Filed: May 31, 2019
UNPUBLISHED

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| The Estate of ARNOLD LEE MILLER, Decedent, by and through ARMICKA S. MILLER, as Personal Representative, | * * * * * | |
| Petitioner, | * | Order; Motion for Redaction; Untimely Motion; Special Processing Unit (SPU); Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

**ORDER DENYING REDACTION – SPECIAL PROCESSING UNIT[1]**

**Dorsey,** Chief Special Master:

     On August 5, 2016, petitioner filed a petition as personal representative for the estate of her father, Arnold Lee Miller, for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Approximately one year later, the undersigned determined petitioner was entitled to compensation for Mr. Miller's Guillain-Barré Syndrome and subsequent death and awarded her compensation in the amount of $350,000.00 as the executrix of Mr. Miller's estate. Ruling on Entitlement ("Ruling"), issued July 28, 2017 (ECF No. 28); Decision Awarding Damages ("Decision"), issued Aug. 3, 2017 (ECF No. 31). Both Ruling and Decision included a footnote indicating they would be posted to the court's website and

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). To the extent petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

allowing petitioner "14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy." Ruling at 1 n.1; Decision at 1 n.1; *see* Vaccine Rule 18(b) (indicating decisions will be held for 14 days to allow the parties to file a request for redaction).

Over one year later, on August 22, 2018, petitioner filed an out of time motion requesting "redaction of her name from the Decision posted on the Court's website." Petitioner's Motion for Discretionary Redaction ("Motion") at 3 (ECF No. 43). Respondent filed his response on September 19, 2018. Respondent's Response to Petitioner's Motion for Redaction ("Response") (ECF No. 45). For the reasons described below, the undersigned denies petitioner's untimely filed motion for redaction.

**I.   Legal Standard**

Section 12(d)(4)[3] of the Vaccine Act, which is incorporated into Vaccine Rule 18, governs the disclosure of information submitted during a vaccine proceeding. Under § 12(d)(4)(A), information submitted in a vaccine proceeding may not be disclosed without the written consent of the party who submitted the information. Thus, Congress protected any information submitted by a party from public view, effectively sealing pre-decisional Vaccine Act proceedings. However, in 1989, Congress added § 12(d)(4)(B)[4]

---

[3] Section 12(d)(4) provides:

(A) Except as provided in subparagraph (B), information submitted to a special master or the court in a proceeding on a petition may not be disclosed to a person who is not a party to the proceeding without the express written consent of the person who submitted the information.

(B) A decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information--

    (i) which is trade secret or commercial or financial information which is privileged and confidential, or

    (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,

and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

[4] P.L. No. 101-239, 103 Stat. 2106. The legislative history for these changes is silent as to the reasons for adding the requirement that decisions of special masters be disclosed. The language prohibiting disclosure of information submitted during vaccine proceedings without written consent (which now appears at § 12(d)(4)(A)) was originally located at the end of the paragraph describing the special masters' discovery powers (§ 12(c)(2) (Supp. V 1988)). In the 1989 amendments, this non-disclosure provision (which abrogated the common law rule that court filings are open to public scrutiny (*see* discussion in Section II.B.1. below)) was moved to § 12(d)(4)(A) and the new directive requiring the disclosure of vaccine decisions was added in § 12(d)(4)(B). *See* H.R. Conf. Rep. 101-386, at 512-13 (1989), *reprinted in* 1989 U.S.C.C.A.N. 3018, 3115-16; *see also Castagna v. Sec'y of Health & Human Servs.*, No. 99-411V, 2011 WL 4348135, at *6-7 (Fed. Cl. Spec. Mstr. Aug. 25, 2011) (for a comprehensive discussion of the legislative history of the Vaccine Act and the 1989 amendments).

which requires the disclosure of vaccine decisions while allowing the parties to seek redaction of "trade secret or commercial or financial information which is privileged and confidential" (§ 12(d)(4)(B)(i)) or "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy" (§ 12(d)(4)(B)(ii)).  Under the Vaccine Rules, the parties are given 14 days "to object to the public disclosure of any information furnished by that party."  Vaccine Rule 18(b).

Thirteen years after the addition of § 12(d)(4)(B), Congress enacted the E-Government Act of 2002[5] in an effort to improve public access to government information and services.  Under § 205, which applies to all federal courts, Congress required the courts to establish and maintain websites where the public can view information including "all written opinions issued by the court" (published and unpublished).  Because of privacy and security concerns associated with this increased public access, Congress instructed the Supreme Court to "prescribe rules" to address these concerns.  E-Government Act § 205(c)(3).  In response, the federal courts adopted Federal Rule of Civil Procedure ("FRCP") 5.2.  Approximately a year later, the United States Court of Federal Claims incorporated FRCP 5.2, minus subsection c (which deals with Social Security appeals and Immigration cases), into its Rules of the United States Court of Federal Claims ("RCFC").  RCFC 5.2 allows a party to use an abbreviated version of certain personal information when filing documents with the court.  Under this rule, a party may redact a minor's name to initials in any filed document.  RCFC 5.2(a)(3).

Since § 12(d)(4)(A) protects documents filed in vaccine proceedings from public view, there is no need to perform the redactions set forth in RCFC 5.2.[6]  However, in keeping with the desire to protect the identity of minors and because all vaccine rulings and decisions must be posted and made available to the public, Vaccine Rule 16 was amended in 2011 to allow the use of the minor's initials in petitions filed in vaccine proceedings.  *See* Vaccine Rule 16(b).  Judges and special masters have continued to address whether adult petitioners are entitled to redaction of their names under the framework provided by § 12(d)(4) and Vaccine Rule 18.

The caselaw in this area reveals two primary approaches, involving differing levels of scrutiny, which have been utilized when determining if redaction of an adult petitioner's name is warranted.  *See R.K. v. Sec'y of Health & Human Servs.*, 125 Fed. Cl. 276, 278 (2016).  These approaches are reflected in the analyses employed in *Langland* and *W.C.*  *See W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440

---

Included in the 1989 amendments was the authority for special masters to issue final decisions in vaccine cases.  § 12(d)(3)(A).

[5] E–Government Act of 2002, Pub.L. No. 107–347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).

[6] The Vaccine Rules govern all vaccine proceedings.  Vaccine Rule 1(a).  "The RCFC apply only to the extent they are consistent with the Vaccine Rules."  Vaccine Rule 1(c).

(2011); *Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *aff'd on point,* 109 Fed. Cl. 421, 424 n.1 (2013);

Focusing on the public interest in disclosure and inability to provide the total anonymity requested, the special master in *Langland* declined to redact all medical information or, in the alternative, the petitioner's names and all identifying information as requested by petitioner. 2011 WL 802695. Recognizing the heightened privacy needs for a minor vaccinee, the special master allowed redaction of the child's name and birth date. *Id.*, at *11.

Following this approach, other special masters have denied petitioners' requests for redaction of adult names. *See Castagna v. Sec'y of Health & Human Servs.*, No. 99-411V, 2011 WL 4348135 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Anderson v. Sec'y of Health & Human Servs.*, No. 08-396V, 2014 WL 3294656 (Fed. Cl. Spec. Mstr. June 4, 2014); *Windhorst v. Sec'y of Health & Human Servs.,* No. 13-0647V, 2017 WL 728045 (Fed. Cl. Spec. Mstr. Jan. 10, 2017); *Floyd v. Sec'y of Health & Human Servs.,* No. 13-0556V, 2017 WL 1315684 (Fed. Cl. Spec. Mstr. Mar. 2, 2017).

In *W.C.*, Judge Lettow employed a balancing test similar to the one used in the Freedom of Information Act (FOIA). 100 Fed. Cl. at 458-459. Under this test, the public interest in the information considered for redaction is weighed against the privacy interest of the petitioner when determining if the publication of this information would be clearly unwarranted. *Id.* at 461. Thus, a greater privacy interest is needed to warrant redaction of information helpful to the public such as the injury suffered after vaccination or the amount awarded under the Vaccine Program. Stressing the lack of importance Congress assigned to the disclosure of "the names of those adversely affected by vaccines" (*id.* at 457; *accord.* at 460), Judge Lettow determined petitioner's "rational concern that disclosure of his identity would have potential adverse consequences to his ability to perform his assigned work" (*id.* at 461) was sufficient to warrant redaction of his name to initials.

Increasingly, judges and special masters are following the approach set forth in *W.C.* and granting redaction of an adult petitioner's name when the request is timely and a basis for the redaction has been provided. *See, e.g., R.K.,* 125 Fed. Cl. at 278 (affirming the special master's determination that the *W.C.* approach was appropriate given the exceptionally detailed discussion of the minor's medical condition); *B.A. v. Sec'y of Health & Human Servs.,* No. 11-0051V 2019 WL 460140, at *2 (Fed. Cl. Spec. Mstr. Jan. 8, 2019); *L.Z. v. Sec'y of Health & Human Servs.*, No. 14-0920V, 2018 WL 5784537, at *2 (Fed. Cl. Spec. Mstr. Sept. 25, 2018); *T.M. v. Sec'y of Health & Human Servs.,* No. 17-0138V, 2018 WL 5269806 (Fed. Cl. Spec. Mstr. Aug. 13, 2018). However, this standard has been applied only to information not helpful to the public such as the petitioner's name. *See, e.g., R.K.,* 125 Fed. Cl. at 278-79 (noting the special master refused to redact the names of medical practitioners who treated the vaccinee); *House v. Sec'y of Health & Human Servs.*, No. 99-0406V, 2012 WL 402040, at *6 n.15 (Fed. Cl. Spec. Mstr. Jan. 11, 2012) (declining to follow the standard in *W.C.* when deciding whether to redact medical information). Additionally, special masters

have distinguished *W.C.* by emphasizing the compelling reason for redaction which was provided in that case.[7]

Even when a special master has rejected the analysis used in *W.C.*, redaction has been allowed when timely requested and a sufficient reason has been provided. *See K.O. v. Sec'y of Health & Human Servs.,* No. 13-0472V, 2016 WL 7634492, at *7-8 (Fed. Cl. Spec. Mstr. Nov. 30, 2016). Special masters have denied redaction requests when no basis for the redaction has been provided. *Windhorst,* 2017 WL 728045, at *4.

## II. Parties' Arguments

### A. Petitioner's Arguments

In her motion, petitioner indicates that she is not relying upon § 12(d)(4)(B)(ii) and Vaccine Rule 18(b) but rather "the sound discretionary authority of the Court." Motion at 2, ¶ 5. Utilizing a weakened version of the language in § 12(d)(4)(B)(ii),[8] petitioner argues that the publication of the amount awarded in this case "constitutes an unwarranted invasion of [her] privacy." *Id.* at 2, ¶ 7. As an attachment to her motion, petitioner filed an affidavit providing additional details in support of her redaction request. *See* Exhibit 14 (ECF No. 43-1). In her affidavit, petitioner maintains "[t]he information about the settlement disclosed by the Decision is sensitive and personal in nature and has occasioned several problems for [her] personally and professionally." *Id.* at ¶ 3.

As the basis for her redaction request, petitioner cites concerns regarding her personal safety, the safety of the other beneficiaries of her father's estate, and her ability to perform her duties as a health care practitioner and executrix of her father's estate. Motion at 2, ¶ 7; Exhibit 14 at ¶¶ 3-8. She indicates she has been "personally harassed by several agencies seeking to solicit resources that they believed had been acquired by the settlement, . . . threatened and followed." Exhibit 14 at ¶ 3. To combat these solicitations, petitioner indicates that she is "searching for a new residence within a more secure, gated community, [has] had to keep [her] address private by using a post office box for receiving mail," and has been forced to change her identification at the DMV (Department of Motor Vehicle). *Id.* at ¶ 4. Petitioner maintains that other beneficiaries of her father's estate "have likewise been threatened with bogus and erroneous lawsuits and have been similarly harassed and followed." *Id.* at ¶ 5.

---

[7] The petitioner in *W.C.* was a federal employee who, as part of his duties, often testified in court proceedings. *See Windhorst,* 2017 WL 728045, at *4; *House* 2012 WL 402040, at *6 n.15. The petitioner in *W.C.* argued that, if known to the public, his medical condition could be used to discredit his testimony. 100 Fed. Cl. at 447.

[8] Under this section of the Vaccine Act, a petitioner is entitled to redaction of "medical files and similar files," if she can show the disclosure "would constitute a <u>clearly</u> unwarranted invasion of privacy." § 12(d)(4)(B)(ii) (emphasis added). While arguing for what she labels discretionary redaction, petitioner uses similar language but omits the term "clearly." Motion at 2, ¶ 7.

Petitioner argues that the publication of the amount awarded to her father's estate "has made it next to impossible to conduct fiduciary affairs properly" (*id.* at ¶ 6) and has interfered with her work as a "health care practitioner" (*id.* at ¶ 7). Although she does not specify her exact position/title, petitioner indicates that she works closely with patients. She maintains the disclosure of her name has made this interaction "extremely difficult." *Id.* at ¶ 7. Petitioner fears she will be seen as biased or prejudiced against vaccinations, and this incorrect perception will affect her work with patients and "[a]ny corporation with which [she] is affiliated." *Id.* at ¶ 8. Petitioner argues that she "has a valid interest in maintaining her privacy regarding receipt of a large sum of money . . . [and] has safety interests and concerns regarding the publication of such an award because she bears executory duties over her father's estate, including estate litigation." Motion at 2, ¶ 7.

Petitioner seeks redaction of her "personally-identifying information." Exhibit 14 at ¶ 9. Citing the analysis involving the FOIA set forth in *W.C.* and discussed in *R.K*,[9] petitioner stresses the lack of public benefit obtained from the publication of her identity. Motion at 2, ¶¶ 6, 8. She argues "[t]he public interest is adequately served by publication of the vaccine and injury involved, . . . [and] there is no legitimate public interest in knowing the identity of an individual petitioner." *Id.* at 3, ¶ 9.

### B. Respondent's Arguments

Respondent focuses on the untimeliness of petitioner's request. Stressing that petitioner's motion was filed more than a year after the Decision was issued and judgment entered, respondent argues "there is no procedural mechanism to re-open a case for purposes of considering a motion for redaction." Response at 2-3 (referencing Rule 60 of the Rules of the United States Court of Federal Claims ("RCFC 60")). Noting that the decision had been publicly available for months and accessible to numerous search engines, respondent maintains that "it is unclear how granting petitioner's Motion would provide her with the relief she is seeking at this late date." *Id.* at 4.

Regarding the merits of petitioner's request, respondent argues there is no legal basis for granting the relief sought by petitioner. Response at 4-5. Maintaining that "the information petitioner seeks to redact – her name – does not fall within the narrow subset of personal information – 'medical records and similar files' – for which Congress has authorized redaction," respondent argues petitioner's motion must be denied. *Id.* at 5 (citing § 12(d)(4)(B)(ii)). Citing *Langland,* respondent asserts "special masters have no discretion to grant motions for redactions outside the limited authority granted to them by Congress in § 12(d)(4)(B)." *Id.* at 5.

---

[9] Petitioner also mentions another case involving petitioner's counsel in which the special master denied petitioner's motion for redaction. The order in that case has not yet been posted to the court's website, and the special master has determined posting is not required under the E-Government Act of 2002. As it does not affect the undersigned's determination in this case, there is no reason to identify and to discuss that case further.

### III.     Analysis

#### A.  RCFC 60

Respondent asserts that "[b]ecause judgment has entered, petitioner's motion must first be construed as a motion to re-open this case for purposes of considering petitioner's motion to redact."  Response at 3 (citing RCFC 60).  Stressing the untimeliness of petitioner's request and maintaining petitioner "has no grounds to support a timely filed motion under RCFC 60," respondent argues that petitioner's motion must be denied.  *Id.*

##### 1.  Legal Standard for RCFC 60

After judgment has entered, a party wishing to challenge the special master's decision must seek relief pursuant to Vaccine Rule 36.[10]  Vaccine Rule 36(a) allows a party to file a motion for reconsideration pursuant to RCFC 59 or to seek relief from a judgment or order pursuant to RCFC 60.  Pursuant to RCFC 60(a), "[t]he court may correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  RCFC 60(a).  A motion or notice to the parties is not required under RCFC 60(a), but a correction may only be made with the appellate court's leave if "an appeal has been docketed."  *Id.*  Additionally, if a motion is filed and just terms shown, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the specific reasons listed in RCFC 60(b)(1)-(5) or the "catch all" provision at RCFC 60(b)(6).[11]  Any motion for relief under RCFC 60(b) be made within a reasonable time and within one year if for the reasons listed in RCFC 60(b)(1) - (3).  RCFC 60(c).

Because RCFC 60 is identical to RFCP 60, cases involving RFCP 60 are informative in  determining the meaning and intent of RCFC 60.  A motion for relief under RCFC 60(b) "seeks to set aside a final decision and it is  incumbent upon the motion-filer to demonstrate that he or she is entitled to that relief."  *Kennedy v. Sec'y of Health & Human Servs.*, 99 Fed. Cl. 535, 550 (2011).  The catch-all of RCFC 60(b)(6)

---

[10] Judgment entered in this case on August 7, 2017.

[11] RCFC 60(b) states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.

is a general provision which allows the vacating of a judgment "whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615 (1949). However, extraordinary circumstances must warrant such relief. *See Ackermann v. United States*, 340 U.S. 193, 198 (1950) (denying relief after finding the extraordinary circumstances in *Klapprott* did not exist). Moreover, the catch-all provision should be used "only when the basis for relief does not fall within any of the other subsections of Rule 60(b)." *CNA Corp. v. United States*, 83 Fed. Cl. 1, 8 (2008) (quoting *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002)). "These clauses are . . . mutually exclusive . . . to prevent Rule 60(b)(6) from being used to avoid the one-year limitation on motions that fall under the earlier clauses of the rule." *Kennedy*, 99 Fed. Cl. at 547-48 (citing *Pioneer Inv. Servs.*, 507 U.S. 380, 393 (1993)). In *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396 (5th Cir. 1981), the court listed eight factors important in determining whether relief under Rule 60(b) is warranted:

> (1) [t]hat final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) <u>whether the motion was made within a reasonable time</u>; (5*)* whether, if the judgment was a default or a dismissal in which there was no consideration of the merits, the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves*, 635 F.2d at 402 (emphasis added).

### 2. No Grounds for Relief under RCFC 60

Here petitioner does not seek relief from the judgment, in that she does not identify any issue with the compensation awarded to the Estate. Moreover, petitioner does not allege circumstances which would meet the requirements of RCFC 60 (b)(1)-(5). Even if she had provided evidence of mistake, excusable neglect, newly discovered evidence, or any of the reasons set forth in RCFC 60(b)(1)-(3), petitioner filed her motion more than one year after judgment. Due to the untimeliness of her motion, the bases set forth in RCFC 60(b)(1)-(3) are not available to petitioner. RCFC 60(c). Additionally, none of the adjustments to judgment described in RCFC 60(b)(4)-(5) occurred in this case. Thus, in order to re-open her case, petitioner must satisfy the catch all provision set forth in RCFC 60(b)(6).

Both *Klapprott* and *Ackermann* involved former citizens of Germany who had been granted certificates of naturalization which were later cancelled after allegations of fraud. Both petitioners neglected to file timely appeals and later sought post-Judgment relief under the catch-all provision of Rule 60(b)(6). *Klapprott*, 335 U.S. at 602-603;

8

*Ackermann*, 340 U.S. at 194.  In *Klapprott,* the petitioner was jailed prior to the expiration of his time to appeal and a letter he wrote to the American Civil Liberties Union (ACLU) was never mailed.  *Klapprott*, 335 U.S. at 602.  Stressing the extraordinary nature of the *Klapprott* petitioner's situation, characterized as "far more than a failure to defend the denaturalization charges due to inadvertence, indifference, or careless disregard of consequences" (*id.* at 613), the Supreme Court determined it was appropriate to set aside the judgement and re-open the case.  *Id.* at 614-16.  In contrast, the Supreme Court held the petitioner in *Ackermann* failed to meet his burden under Rule 60(b)(6).  *Ackermann*, 340 U.S. at 202.  The *Ackermann* petitioner maintained he was dissuaded from filing a timely appeal of the cancellation of his certificate of naturalization by the cost of the appeal and the advice of an individual working at Alien Control, Immigration and Naturalization Department not to sell his home to pay these costs.[12]  *Id.* at 194-95.

While indicating Rule 60(b)(6) should be "liberally construed in order to achieve substantial justice," in *Seven Elves,* the Fifth Circuit also required that the motion be made within a reasonable time and that petitioner show the lack of an adequate opportunity to present a claim or defense. *Seven Elves*, 635 F.2d at 402.  The Fifth Circuit cautioned "[t]hat final judgments should not lightly be disturbed."  *Id.* at 402.

In this case, petitioner provides no reason why she failed to file a timely motion requesting the redactions she now seeks.  Despite receiving adequate notice that the Decision would be posted to the court's website, she did not seek redaction until more than a year after the Decision was issued.  She has not shown that she was prevented from seeking redaction in a timely manner.  Instead, petitioner limits her arguments to the merits of her redaction request as if her motion was timely filed.  Petitioner has not provided any information or evidence which would justify re-opening this case pursuant to RCFC 60.

### B.  Untimeliness of Petitioner's Redaction Request

Even if RCFC 60 is not applicable, petitioner's request is still untimely.  The Vaccine Act does not set a time limit for redaction requests, but the Vaccine Rules state the decision or ruling "will be held for 14 days to afford each party an opportunity to object to the public disclosure of any information furnished by that party."  Vaccine Rule 18(b); *see* § 12(d)(4)(B).  Every decision, ruling, or order which will be posted to the court's website contains a footnote mirroring this language.  Thus, all petitioners are cautioned to make timely redaction requests.

### C.  Denial of Petitioner's Redaction Request

Perhaps the most important reason for denying petitioner's request, however, is that the undersigned is unable to grant the relief requested.  Once a decision has been

---

[12] The attorney for the *Ackermann* petitioner had advised him to sell his home to pay for these costs.  *Ackermann*, 340 U.S. at 203-04.

posted, it becomes publicly available.  Thus, it is very difficult at this stage to pull back publicly available documents.

Moreover, the Decision is already available for view on the internet and can be found on numerous legal research sites.  At this late date, the undersigned is unable to provide petitioner with the privacy she seeks.

### IV.     Conclusion

While sympathetic to the difficulties experienced by petitioner and the other beneficiaries, the undersigned is not able to provide the relief which would have been available had petitioner's request been timely.  **Petitioner's motion for redaction is DENIED.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
